■ In the Matter of MARY B. POLOGA, Respondent, v WILLIAM M. POLOGA, Appellant.—Mikoll, J.

Petitioner sought modification of a support order of Family Court entered January 31, 1985, which was based on a stipulation entered into between the parties, represented by their respective counsel, providing, *inter alia,* for payment by respondent to petitioner on each Friday, beginning in February 1985, of $165 a week support. The first two weeks payment was to be applied to pay the mortgage on jointly owned marital property, located on Best Road in the Town of Sand Lake, Rensselaer County, in which petitioner and the three minor children of the marriage reside, and the excess paid to petitioner. The Best Road property was to be put up for sale within a reasonable time. A rental property owned jointly on First Street in which respondent resided and from which he collects rentals was either to be sold or, if respondent chose to retain it, petitioner was to be credited with half of its value upon a division of moneys realized from the sale of the Best Road property. Family Court further ordered that after the Best Road property was sold, or if not sold within three months, either party was entitled to seek review of the

amount of support. The order encompassed other matters not relevant to this proceeding.

In seeking a modification of this order, petitioner's Family Court petition alleged changed circumstances and sought an increase in support alleging that petitioner's income had declined and respondent's had increased. Family Court modified the order to the extent of ordering respondent to pay one half of the real property tax on the marital property and one half of any medical bills of the children not covered by insurance.

Respondent appeals the order on the ground that there exists no changed circumstances under the Domestic Relations Law to justify an increase in support, and on the erroneous introduction of an exhibit by Family Court purporting to be respondent's wage statement, which was admitted in evidence without the necessary foundation having been laid as required in CPLR 4518. Although petitioner's petition sought a review of support based on changed circumstances, we note that the petition was brought under the terms of the court's order of January 31, 1985, wherein the court retained continuing jurisdiction over the matter of support and directed that either party was entitled to a review of the amount of support if the marital property was not sold within three months. This proceeding having been commenced pursuant to Family Court's prior order, we hold that the issue of changed circumstances under the Domestic Relations Law is not implicated.

The testimony before Family Court indicated that petitioner, after further inquiry as to the cost of rental property, never put the marital property up for sale. Respondent took no steps to enforce this part of the court's order. After a review of the financial situation existent, the court modified its January 31, 1985 order. The testimony disclosed that petitioner is employed as a nurse and respondent as a senior frame administrator with AT&T. Respondent has considerably more financial resources than petitioner. Her income has decreased because she has opted to cut back on her work hours so as to spend more time with the parties' three young children who reside with her. Petitioner and respondent never put the Best Road property up for sale. Petitioner contends that she can live more cheaply in the home than in a rental property.

Family Court's adjudication is both reasonable and fair. Considering the financial positions of the parties, the needs of the infant children and other aspects of the family's situation,

we find no reason to disturb the support order. Any error involved in the improper introduction of respondent's wage statement was of little consequence since it largely repeated evidence already before the court from respondent's own testimony and his financial affidavit.

Order affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.